```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
HOWARD GISSINGER, and                |
ESTHER GISSINGER,                    |
                                     |
               Plaintiffs,           |         NOT FOR PUBLICATION
                                     |         ORDER
        -against-                    |
                                     |         04-CV-0534 (CBA)
PAO YUNG,                            |
                                     |
               Defendant.            |
------------------------------------------------------X
------------------------------------------------------X
HOWARD GISSINGER, and                |
ESTHER GISSINGER,                    |
                                     |
               Plaintiffs,           |
                                     |
        -against-                    |         04-CV-5406 (CBA)
                                     |
NEW PAO YUNG ENTERPRISES,            |
CO., LTD.                            |
                                     |
               Defendant.            |
------------------------------------------------------X
```

AMON, UNITED STATES DISTRICT JUDGE

In these two related cases, plaintiffs Howard and Esther Gissinger (collectively, "the Gissingers") seek damages for injuries Howard Gissinger allegedly suffered after he fell from a ladder. The defendants are Pao Yung, and its successor in interest New Pao Enterprises Co., Ltd. The Gissingers allege that the defendants are responsible for the defective design and manufacture of the ladder from which Howard Gissinger fell. In each case, the defendant has filed an answer but has done nothing further and has ignored all discovery obligations.

On August 9, 2005, the Gissingers filed a motion for an order compelling the defendants to respond to discovery requests, and asking the Court, should that order be ineffective, to either

1

strike the defendants' answers in both cases pursuant to Federal Rule of Civil Procedure ("Rule") 37, or to enter a default judgment pursuant to Rule 55. On February 7, 2006, the Honorable Kiyo A. Matsumoto, United States Magistrate Judge, granted the Gissinger's motion for an order compelling discovery, and directed the defendants to respond to outstanding discovery requests within forty-five days of the date of the order. Magistrate Judge Matsumoto's order specifically warned the defendants that failure to comply with its terms could result in a recommendation that this Court strike the defendants answers and/or enter default judgments against them. The defendants did not respond to the outstanding discovery requests.

On April 21, 2006, Magistrate Judge James Orenstein, to whom the matter had been reassigned, submitted a Report and Recommendation to this Court which concluded that the Court should strike the defendants' answers, but that entry of a default judgment would be premature. Magistrate Orenstein directed the Gissingers to serve copies of the Report and Recommendation on the defendants, and granted the defendants ten days from the date of service to file any objections. The Gissingers have filed an affidavit indicating that the Report and Recommendation was served on the defendants at their last known address on April 24, 2006 by mailing via UPS.[1] Substantially more than ten days have since elapsed, and neither defendant has filed any objection to the Report and Recommendation.

Upon careful consideration of Magistrate Judge Orenstein's recommendation and the record in this case the Court adopts the Report and Recommendation as the opinion of the Court.

---

[1] As described in greater detail in Magistrate Judge Orenstein's Report and Recommendation, the defendants at some point left their address in Taiwan without providing a forwarding address. The Gissingers have not since been able to locate the defendants, despite diligent efforts.

The defendants' answers are to be stricken from the record in each of the above-captioned cases.

The Clerk of the Court is to enter a notation of default in each case pursuant to Rule 55(a). The Gissingers may move for entry of default judgment pursuant to Rule 55(b)(2).

SO ORDERED.

Dated: Brooklyn, New York
May 15, 2006

Carol Bagley Amon
United States District Judge